3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in his possession or control;

4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of his disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

IT IS FURTHER ORDERED that respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

IT IS FURTHER ORDERED, *sua sponte*, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

IT IS FURTHER ORDERED, *sua sponte*, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Office.

IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

STRATTON, J., not participating.

96–499. In re Hurd. On March 4, 1996, the Board of Commissioners on Grievances and Discipline, pursuant to Gov.Bar R. V(5)(A)(2), certified to the Supreme Court a certified copy of a judgment entry of a felony conviction against Dwight I. Hurd, a.k.a., Dwight Irvin Hurd. On March 22, 1996, respondent filed a "Request for An Opportunity to be Heard Prior to the Entry of Any Order Concerning the Interruption of his Entitlement to Practice Law in the State of Ohio." Upon consideration thereof,

IT IS ORDERED by the court that the request be, and is hereby, denied.

MOYER, C.J., PFEIFER and STRATTON, JJ., dissent.

In re Judicial Campaign Complaint Against Martin W. Emrich Case No. 96–638

### ORDER

Pursuant to Rule II, Section 5(E)(1) of the Supreme Court Rules for the Government of the Judiciary of Ohio and section 2701.11 of the Ohio Revised Code, the Supreme Court appoints the following judges to serve on the five-judge commission to consider the report of the hearing panel of the Board of Commissioners on Grievances and Discipline in *In re Judicial Campaign Complaint Against Martin W. Emrich,* Case No. 96–0638:

| | |
|---|---|
| Judge Cynthia C. Lazarus | Tenth District Court of Appeals |
| Judge Mark A. Weist | Wayne County Court of Common Pleas (Ninth District) |
| Judge James W. Kirsch | Juvenile/Probate Division, Scioto County Court of Common Pleas (Fourth District) |
| Judge Cheryl S. Karner | Domestic Relations Division, Cuyahoga County Court of Common Pleas (Eighth District) |
| Judge William G. Lauber | Lima Municipal Court (Third District) |

Pursuant to Gov.Jud.R. III, Section 2(B)(1), the Supreme Court designates Judge William G. Lauber as chairman of the Commission.

Pursuant to R.C. 2701.11, Richard A. Dove, Associate Director of the Supreme Court of Ohio, is, for the purpose of this proceeding, designated as Administrative Director to serve as Secretary to the